# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1771V
UNPUBLISHED

| | |
|---|---|
| JOEL WILSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 28, 2021<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Influenza (Flu) Vaccine; Brachial Neuritis |

*Kathleen Margaret Loucks*, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner.

*Wei Kit Tai*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On December 7, 2020, Joel Wilson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered brachial neuritis of the left arm and shoulder as a result of influenza ("flu") and tetanus, diphtheria, and pertussis ("Tdap") vaccine administered to him on December 13, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 28, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent "concluded that [P]etitioner's claim meets the Table criteria for

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

SIRVA". *Id.* at 4.  Respondent further agrees that "the case was timely filed, that the vaccine was received in the United States, and that [P]etitioner satisfies the statutory severity requirement by suffering the residual effects or complications of his injury for more than six months after vaccine administration." *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
