# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1771V
UNPUBLISHED

| | |
|---|---|
| JOEL WILSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: August 17, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Influenza<br>(Flu); Brachial Neuritis |

*Kathleen Margaret Loucks*, Lommen Abdo Law Firm. Minneapolis, MN, for Petitioner.

*Wei Kit Tai*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 7, 2020, Joel Wilson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered brachial neuritis of the left arm and shoulder as a result of influenza ("flu") and tetanus, diphtheria, and pertussis ("Tdap") vaccines administered to him on December 13, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 28, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 17, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $57,492.99 (comprised of $55,000.00 for pain and suffering and $2,492.99 for past unreimbursable expenses). Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $$57,492.99 (comprised of $55,000.00 for pain and suffering and $2,492.99 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| JOEL WILSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 20-1771V <br> Chief Special Master Corcoran <br> ECF |

### **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 7, 2020, Joel Wilson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a brachial neuritis of the left shoulder as a result of an influenza ("flu") and tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine administered to him on December 13, 2018.

On June 28, 2021, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a shoulder injury related to vaccine administration ("SIRVA") Table injury.[1] ECF No. 20.  On June 28, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 21.

---

[1] Respondent does not concede that petitioner suffered brachial neuritis ("BN") or that any alleged symptoms of BN were causally related to vaccine administration.  Accordingly, the proffer on award of compensation is limited to petitioner's SIRVA only.

I.   **Items of Compensation**

  A.   **Pain and Suffering**

Respondent proffers that petitioner should be awarded $55,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

  B.   **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,492.99.  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $57,492.99, in the form of a check payable to petitioner.

III. **Summary of Recommended Payments Following Judgment**

  Lump sum payable to petitioner, Joel Wilson:                **$57,492.99**

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/ Wei Kit (Ricky) Tai
WEI KIT (RICKY) TAI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 598-7705
Wei.Tai@usdoj.gov

Dated: August 17, 2021